Filed 5/18/26  P. v. Melikian CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HAROUTIOUN MELIKIAN,<br><br>    Defendant and Appellant. | B346673<br><br>Los Angeles County<br>Super. Ct. No.<br>25HWMH00236 |

        APPEAL from an order of the Superior Court of Los Angeles County, Robert S. Harrison, Judge.  Remanded with directions.

        Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Deepti Vaadyala, Deputy Attorneys General, for Plaintiff and Respondent.

At a hearing held on April 23, 2025, the trial court orally stated appellant Haroutioun Melikian shall be involuntarily committed under Welfare and Institutions Code section 6500, subdivision (c)(3).[1] Melikian's sole contention on appeal is the minute order of that hearing incorrectly states he was ordered committed under section 6500, subdivision (c)(1). Melikian asks this court to order the trial court to correct the minute order to accurately reflect that he was committed under section 6500, subdivision (c)(3). The Attorney General agrees with Melikian that the minute order should be corrected in this regard. We agree with the parties. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 [any variance between the oral pronouncement of judgment and the minute order or abstract of judgment is presumed to be clerical error, and the oral pronouncement controls]; *People v. Mitchell* (2001) 26 Cal.4th 181, 186–187 [courts have the authority to correct such clerical errors at any time].)[2]

---

[1] The petition seeking to commit Melikian, which was filed by the Los Angeles County District Attorney in February 2025, alleged that Melikian is a developmentally disabled person who is dangerous to himself or others, and there are no suitable alternatives to judicial commitment. Subsequent unspecified references to statutes are to the Welfare and Institutions Code.

[2] As the parties correctly point out, the discrepancy between the oral pronouncement and minute order is significant because a commitment under subdivision (c)(1) lasts for a year whereas a commitment under subdivision (c)(3) lasts six months. As the parties also note, the court ordered Melikian committed for six months, which further supports the inference that the court ordered Melikian committed under subdivision (c)(3).

# DISPOSITION

The case is remanded to the trial court with directions to correct the April 23, 2025 minute order to accurately reflect that Melikian was ordered committed under Welfare and Institutions Code section 6500, subdivision (c)(3). We affirm the trial court's order in all other respects.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

TAMZARIAN, J.

We concur:

MORI, Acting P. J.

COGLIATI, J.*

---

\* Judge of the Santa Cruz Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3